# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00797-CR

**Dana Snokhous, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 08-02786-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## CONCURRING OPINION

The majority concludes that appellant does not present reversible error because the two errors complained of were harmless. Although I do not necessarily disagree with the majority's harmless error analysis, I would in the first instance address whether error is presented.

The first point of error challenges the admissibility of hearsay testimony. Officer Hunter was asked if appellant's husband made any statement suggesting that he believed that appellant was intoxicated. Hunter replied, "The statement that [appellant's husband] made to me was whatever you guys can do to keep her out of a DWI I would really appreciate it." This testimony was hearsay because it was an out-of-court statement offered to prove the truth of the matter asserted. *See* Tex. R. Evid. 801(d). The matter asserted was the husband's implicit belief that appellant was intoxicated. *See* Tex. R. Evid. 801(c). The statement was properly admitted under the hearsay exception for present sense impressions. *See* Tex. R. Evid. 803(1).

A present sense impression is a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter. *Id*. The rule is predicated on the notion that the utterance is a reflex product of immediate sensual impressions, unaided by retrospective mental processes. *Fischer v. State*, 252 S.W.3d 375, 381 (Tex. Crim. App. 2008). Generally speaking, three criteria must be met for the exception to apply: (1) the declarant must have personally perceived the event or condition described, (2) the declaration must be an explanation or description of the event or condition rather than a narrative, and (3) the declaration must be contemporaneous with the event or condition. *Russo v. State*, 228 S.W.3d 779, 808 (Tex. App.—Austin 2007, pet. ref'd).

In this case, appellant's husband personally perceived appellant's condition, his implicit statement described that condition, and the statement was made contemporaneously with the condition. The circumstances support the conclusion that the husband's implicit assertion that appellant was intoxicated was a reflex product of his immediate sensual impressions, and not the product of retrospective mental processes. The trial court did not abuse its discretion by admitting the statement over appellant's hearsay objection.

In her second point, appellant contends that her trial counsel was ineffective because he did not move to suppress the evidence that appellant refused to provide a blood specimen at the hospital. This contention is premised on the assertion that appellant was unlawfully arrested at the hospital without a warrant, and that her refusal to provide a specimen was the fruit of that unlawful arrest.

A police officer may arrest without a warrant a person found in a suspicious place and under circumstances reasonably showing that the person is guilty of a breach of the peace. Tex.

Code Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 2009). A place becomes "suspicious" within the meaning of article 14.03 based on the surrounding circumstances. *Dyar v. State*, 59 S.W.3d 713, 715-16 (Tex. App.—Austin 2001), *aff'd*, 125 S.W.3d 460, 464-66 (Tex. Crim. App. 2003). In *Dyar*, the defendant, who exhibited several signs of intoxication, was arrested without a warrant in the hospital to which he was taken following a one-car accident in which he had been driving. 59 S.W.3d at 714. We held that the circumstances warranted the determination that the defendant had been found in a suspicious place under circumstances that reasonably showed that he was guilty of driving while intoxicated, a breach of the peace. *Id*. at 716-17. The court of criminal appeals agreed. *Dyar*, 125 S.W.3d at 468.

The circumstances of appellant's case are analogous to those in *Dyar*. Because the circumstances justified appellant's warrantless arrest pursuant to article 14.03, appellant's subsequent refusal to give a blood specimen was not the fruit of an unlawful arrest, and her trial counsel was not ineffective for having failed to file a motion to suppress.

With these comments, I concur in the judgment affirming appellant's conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: May 14, 2010

Do Not Publish